RANCHO PALOS VERDES CORPO-
RATION, a corporation,
Plaintiff,

v.

CITY OF LAGUNA BEACH, a Municipal
Corporation, et al., Defendants.

Civ. No. CV74–3347–RJK.

United States District Court,
C. D. California.

Feb. 21, 1975.

Pollock, Williams & Berwanger, John P. Pollock, Charles V. Berwanger, Los Angeles, Cal., for plaintiff.

George G. Logan, City Atty. for City of Laguna Bch., Newport Beach, Cal., for defendants.

### MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

On November 14, 1974, plaintiff Rancho Palos Verdes Corporation filed an action for injunctive relief and/or damages under 42 U.S.C. §§ 1983, 1985 in this Court. Plaintiff charges the City of Laguna Beach, California, the members of the City Council and Planning Commission of Laguna Beach in their official and individual capacities, and other named private individuals and organizations with conspiracy to deprive plaintiff of the use of its undeveloped real property in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. The complaint also contains pendent state claims for breach of contract and inverse condemnation.

The alleged conspiratorial acts consist generally of the adoption of resolutions to seek funds to purchase the property for public park purposes, the passing of ordinances placing a moratorium on building, the adoption of Open Space and Conservation Elements to the City's General Plan, secret meetings to plan action against plaintiff, publication of the City's intent to restrict use of plaintiff's land, and failure to process properly Environmental Impact Reports. All this is alleged to have been done with the express and malicious intent to deny plaintiff the use of its property while depressing the value of the property in anticipation of its eventual purchase by the City.

On February 3, 1975, various defendants moved to dismiss this action for failure to state a claim, for a more definite statement, for a protective order, and requested that the Court abstain from exercising jurisdiction over this action. As *amicus curiae*, the State of California has filed a brief in support of defendants' request that this Court abstain from the exercise of its jurisdiction. Following oral argument all the motions were taken under submission.

██ The importance of the Civil Rights Acts in providing both individuals and corporations with a federal court remedy for redress of violations of their constitutional rights is well established. Accordingly, when approaching the question of abstention, this Court views "cases involving vital questions of civil rights [as] the least likely candidates for abstention". Canton v. Spokane School District # 81, 498 F.2d 840, 846 (9th Cir. 1974), quoting Wright v. McMann, 387 F.2d 519, 525 (2d Cir. 1967). Nonetheless, when considering the facts alleged herein in light of Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and the cases following that decision, this Court is persuaded that the traditional notions of federal-state comity and the general reluctance to decide prematurely and unnecessarily federal questions make absten-

tion at this time wholly appropriate. Moreover, plaintiff's contention that this Court cannot abstain from the exercise of its jurisdiction because the state courts provide no forum for redress of the wrongs herein claimed is clearly invalid. Relief is available in the state courts. See Woodland Hills Residents Assn., Inc. v. City Council of Los Angeles et al., 44 Cal.App.3d 825, 118 Cal. Rptr. 856 (1975); and Disco, The Implications of Strumsky and Topanga for Judicial Review of Zoning Decisions, 50 Cal.State Bar J. 26 (January/February 1975).

As the Supreme Court in Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1063, 3 L. Ed.2d 1163 (1959) noted,

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to parties to repair to the state court would clearly serve an important countervailing interest."

██ The Court is persuaded that there exist here "exceptional circumstances" which contain all the basic elements of *Pullman, supra*, as set forth by the Court of Appeals for Ninth Circuit in *Canton, supra*, 498 F.2d at 845.

First, land use planning is a very sensitive social and political issue in California with which the state legislature and judiciary are deeply concerned. The federal courts ought not to intervene in the law-making process in this area unless faced with no alternative.

Second, the adjudication of the federal issues raised in this action may involve constitutional questions which plainly can be avoided if a definitive ruling on the state issues would terminate the controversy. All of the acts alleged by plaintiff to be in furtherance of the con-

spiracy are actions whose validity depends upon an interpretation of the complex California statutory scheme of land use control, much of which has not yet been interpreted by state courts. In order to decide properly the federal claims, we would have to determine whether or not the defendant City officials exceeded their statutory authority under the California Planning and Zoning Law (Cal. Gov.Code § 65000 et seq.), the California Environmental Quality Act (Cal.Pub. Res.Code § 21000 et seq.), Cal.Admin. Code tit. 14 § 15000 et seq., and the local guidelines adopted by the City of Laguna Beach. As the Supreme Court in *Pullman* noted,

> "In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. [Citations omitted.] The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." 312 U.S. at 500, 61 S.Ct. at 645.

Accordingly, a determination in the state court concerning the validity of the City officials' acts under the relevant state statutes would substantially alter or displace the serious federal constitutional questions presented.

Third, the possibly determinative issues of state law are doubtful. This consideration goes to the appropriateness of a federal court determining unsettled, uninterpreted, changing or unduly complex issues of state law. While not overemphasizing the complexity of the California land and environmental regulatory systems, this Court notes that much of the current legislation in this field has not yet been interpreted in the state courts. It also appears that state judicial review of land use decisions is expanding rapidly to meet these new social and legal issues. See Disco, *supra.*

Additionally, the Court is mindful of the important countervailing interest of allowing California to establish the regulation of land use planning in its legislature and courts, and is of the opinion that sound discretion would require a federal district court to abstain from exercising jurisdiction over the federal claim until the state issues have properly been before the state courts. Burford v. Sun Oil Company, 319 U.S. 315, 63 S. Ct. 1098, 87 L.Ed. 1424 (1943).

Accordingly, the Court abstains from exercising jurisdiction in this action, and

It is ordered that this action is dismissed with leave to plaintiff to move that this Court retain jurisdiction over the federal claims pending resolution of the state issues in the state courts.