**The SEA RANCH ASSOCIATION, et al., Plaintiffs-Appellants,**

v.

**CALIFORNIA COASTAL ZONE CONSERVATION COMMISSIONS et al., Defendants-Appellees.**

No. 75–2281.

United States Court of Appeals, Ninth Circuit.

June 10, 1976.

---

Malcom A. Misuraca (argued), of Arata, Misuraca & Beyers, Santa Rosa, Cal., for plaintiffs-appellants.

Ballard Jamieson, Jr. (argued), Natural Resources Defense Council, The Sierra Club, and The California Coastal Alliance, Palo Alto, Cal., and Donatas Januta (argued), Atty. Gen. of Cal., San Francisco, Cal., for defendants-appellees.

OPINION

Before BARNES, BROWNING and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

In this Section 1983 action [42 U.S.C. § 1983], appellants challenge the constitutionality of portions of the California Coastal Zone Conservation Act (the Act) [Calif. Pub.Resources Code §§ 27401 *et seq.* (West. Supp.1976)]. A three-judge court "abstained" in favor of "state court . . . determination of the state issues." *Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'n*, 396 F.Supp. 533, 541 (N.D.Cal.1975).

We hold that the three-judge court was properly convened and that its order of abstention is appealable to this court. With respect to the vested rights issue presented to this court, we hold that if the claim is for exemption of the entire Sea Ranch project, the court below properly abstained. Alternatively, if the claim is for exemption of individual parcels, there was no "case or controversy" and therefore no jurisdiction under either Article III of the United

States Constitution or the Declaratory Judgment Act [28 U.S.C. § 2201].

## I.

## THE APPEAL HAS BEEN PERFECTED

■ Three days after filing of the district court order, plaintiffs moved for "reconsideration" and "clarification," under Fed.R.Civ.P. 60(b). After denial of that motion, plaintiffs filed a notice of appeal, nearly four months after the date of the original order.

A Rule 60(b) motion does not affect the finality of judgment, nor does it affect the 30-day period [Fed.R.App.P. 4(a)] within which an appeal to this court must be perfected. 7 J. Moore, Federal Practice ¶ 60.-30[2] at 417–18 (2nd ed. 1975).

But nomenclature is not controlling. *Id.* ¶ 60.29 at 414 n. 4. By motion appellants requested relief which might have been granted under Fed.R.Civ.P. 59(e). Since it was filed within the 10-day period set by the rule, it should be treated as a Rule 59 motion. Moore, *supra*, ¶ 60.29 at 414 n. 4. As such, its pendency suspends the time for appeal. 6A J. Moore, Federal Practice ¶ 59.12[3] at 59–253 (2nd ed. 1975).

Since the notice of appeal, filed May 9, was clearly within 30 days of the April 11 order denying reconsideration and clarification, the appeal has been perfected.

## II.

## THE ORDER OF THE DISTRICT COURT IS APPEALABLE

■ The order of the district court is found at 396 F.Supp. 541. After publication the court modified its order by deleting its paragraph 2 and substituting: "Plaintiff's motion for preliminary injunction is denied."

Appellants properly appealed the order, as modified, under Title 28 U.S.C. § 1292(a). *Cf. M.T.M., Inc. v. Baxley,* 420 U.S. 799, 804, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975), *opinion on remand,* 523 F.2d 1255 (5th Cir. 1975).

■ In the alternative, this court has jurisdiction under the All Writs Act [28 U.S.C. § 1651]. *Cf. Dellinger v. Mitchell,* 143 U.S. App.D.C. 60, 442 F.2d 782, 788–90 (1971); *Cord v. Smith,* 338 F.2d 516, 521–22 (9th Cir. 1964), *mandate clarified,* 370 F.2d 418 (9th Cir. 1966).

## III.

## APPELLATE JURISDICTION LIES IN THIS COURT

■ The three-judge court was properly convened pursuant to Title 28 U.S.C. § 2281. The challenged statute is designed to effect statewide policy, and has far more than merely local impact. *See* Section 27001 of the Act; *Board of Regents v. New Left Education Project,* 404 U.S. 541, 542, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972). *Compare Hjelle v. Brooks,* 377 F.Supp. 430, 435 (D.Alaska 1974).

■ Since the federal pleadings suggested no clear disposition, some exercise of discretion by a three-judge court was necessary to dispose of the claims presented. *See New York State Waterways Ass'n v. Diamond,* 469 F.2d 419, 423 (2nd Cir. 1972).

■ These considerations suggest that only the Supreme Court has jurisdiction to hear this appeal [28 U.S.C. § 1253]. But the court below did not base its order of abstention on "resolution of the merits of the constitutional claim presented below." *M.T.M., Inc. v. Baxley,* 420 U.S. 799, 804, 95 S.Ct. 1278, 1281, 43 L.Ed.2d 636 (1975). Therefore, appeal lies to this court, not to the Supreme Court. *Id.*

## IV.

## THE ABSTENTION ORDER

Appellants argue that the abstention order was improper because: (1) this action under Section 1983 is exempt from the requirement of exhaustion of state administrative remedies; and in any case (2) the state commissions have no power to rule on appellants' "vested rights" claims.

With the appeal in its present posture, we need not address the precise issues raised. A review of the relevant facts, most of which are found in the district court opinion, 396 F.Supp. at 534–36, will explain.

One matter of particular importance was not discussed in detail by the district court. In their complaint appellants challenged both the Act's *permit system*, and the Act's vested rights *exemption system*. The two are distinct, and supported by separate administrative schemes. To administer it, the Act establishes one California Coastal Zone Conservation Commission and six Regional Commissions. Their duties are twofold: (1) to create a comprehensive, coordinated, enforceable plan for the orderly, long-range conservation and management of the California Coastal Zone; and during the planning period (2) to administer a permit system for the permit area of the Coastal Zone to insure that any development during the planning period will be consistent with the objectives of the Coastal Act and with the ultimate plan. [§§ 27001; 27300 *et seq.*; 27400 *et seq.*].

A landowner desiring to develop property within the permit area during the interim planning period must either: (1) establish an *exemption* from the permit requirements of the Act by showing that construction of his development was already under way, as of the date of the passage of the Act, to such an extent that the developer had acquired a vested right or a statutory exemption to complete what he had begun [§ 27404];[1] or (2) apply for an interim development *permit* [§ 27400].

The commissions have established two separate proceedings, one applicable to claims of *exemption*, the other to *permit* applications. Claims of exemption are reviewed by the commissions under Title 14 Calif.Admin.Code §§ 13700–07 (1974), while permit applications are reviewed under Sections 13200–630 of the same Code. Claims of exemption are entitled to "priority of the calendar" as against permit applications. [*Id.* § 13703].

The issues in each proceeding are distinct. Under a claim of *exemption*, the inquiry is whether, for the project sought to be exempted, requisite governmental approvals were issued before the effective date of the Act and whether there has been substantial good faith reliance upon them. Under a *permit* application, the inquiry is merely to assure that any development during the interim planning period is consistent with the planning and environmental objectives of the Act, and does not foreclose planning options while the plan is being formulated.

While both schemes were challenged in the federal complaint, the district court perceived

> the crux to the constitutional challenge . . . [to be] whether constitutional concepts of vested rights and due process preclude the application of the California Coastal Zone Act to plaintiffs at all.

396 F.Supp. at 536; *and see id.* n. 4. In briefs and oral arguments before this court appellants focused on the vested rights question noted by the district court. We do not understand them to be challenging the constitutionality of the state's permit system.

From the record we cannot ascertain whether the appellants are asserting collectively that the entire Sea Ranch project, consisting of thousands of separately owned parcels, is entitled to a vested rights exemption from the provisions of the Act, or that each parcel is individually exempt. With the action in its present status we have no way of knowing whether a single, project-wide claim for exemption, or multiple, single-parcel claims are more appropriate. However, whatever the answer, appellants cannot prevail.

We are aware that Oceanic California, Inc., the developer of the Sea Ranch project, previously requested from the commissions and was denied a project-wide ex-

1. An exemption may apparently be established in at least three ways: (1) under the "grandfather clause" principle of Section 27404 of the Act; (2) under the decision of the California Supreme Court in *San Diego Regional Comm'n v. See The Sea, Ltd.*, 9 Cal.3d 888, 109 Cal.Rptr. 377, 513 P.2d 129 (1973); and (3) under the common law doctrine of vested rights.

emption from the Act. 396 F.Supp. at 540. It then sought a writ of mandate in the California Superior Court, and the action is pending before the California Court of Appeal.

Counsel for Sea Ranch has sought to divorce this action from that of Oceanic. However, we must agree with the court below that insofar as the federal claim is for project-wide exemption, a state court "interpretation of the vested rights statute favoring Oceanic may moot [federal] plaintiffs' complaint." 396 F.Supp. at 540.

■■■■ As the court below explained, 396 F.Supp. at 538–40, Section 27404 of the Act is of uncertain application. The California Court of Appeal in the *Oceanic* case may interpret the statute in such a way that no federal constitutional questions will remain for federal court disposition. Therefore, if appellants assert project-wide exemption, the order of abstention of the three-judge court was not an abuse of discretion and indeed was clearly proper.[2]

If, on the other hand, appellants are asserting individual vested rights exemptions, their claims should not have been entertained because of their failure to describe a "case or controversy" within the meaning of Article III of the United States Constitution, or the Declaratory Judgment Act [28 U.S.C. § 2201].

Appellants have never applied to the state commissions for vested rights exemptions. Instead, they asked for permits. It is impossible to ascertain from the record before us whether any parcels of individual appellants would or would not be exempt under Section 27404 of the Act. Counsel for Sea Ranch represented to the district court that individual lots at the Sea Ranch were in all stages of development. There is no indication as to which lots are in what stages. The complaint tells us only that the individual appellants are "individual owners of lots at the Sea Ranch."

■■ A case or controversy is not presented simply because a party is subject to a general regulatory process which, when applied to the specific facts developed in some future administrative proceeding, *might* cause a state agency to take a particular action which some court *might* thereafter determine to be unconstitutional. *Cf. Golden v. Zwickler,* 394 U.S. 103, 110, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

We emphasize that appellants challenge Section 27404 not on its face, but in its application. *See* 396 F.Supp. at 538–40. While the distinction between facial and as-applied challenges is not determinative, it is of some significance.

■■ An allegedly unconstitutional land use restriction clear on its face may be challenged without awaiting its application or threat of application, since the very existence of the restriction creates the necessary case or controversy as to any party having standing to challenge it. *See, e. g., Park View Heights Corp. v. City of Black Jack,* 467 F.2d 1208, 1216 (8th Cir. 1972). *Cf. Regional Rail Reorganization Act Cases,* 419 U.S. 102, 143, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974).

■■ But where, as here, the constitutional question presented to a federal court turns on the application of a land use restriction to specific parcels of property, no case or controversy is presented absent some indication that the plaintiffs' rights have been subjected to a real and immediate threat. *See, e. g., McCahill v. Borough of Fox Chapel,* 438 F.2d 213 (3d Cir. 1971).

■■ Since appellants have never individually applied to the state commissions for exemption, it can scarcely be said that

---

**2.** Since disposition by the *state court* of the claim of project-wide exemption may moot this controversy to the benefit of appellants, we need not consider (and the district court should not have considered) whether appellants, by stating a claim for relief under Section 1983, are exempted from the requirement of exhaustion of *administrative* remedies.

Further, it appears that the California Court of Appeal can rule on the issues before it without the need of additional discovery. Thus the district court's decision to deny appellants' motion to compel federal discovery cannot at this juncture be considered erroneous.

the state, through its commissions, has deprived appellants of vested rights. It has not even threatened to. The concern of the individual appellants for deprivation of property rights is thus far entirely self-imposed and wholly speculative.[3]

If by his pleadings an individual appellant has stated a case or controversy with respect to individual "vested rights," we would have to say that any landowner within the statutorily-defined "permit area" [§ 27104] could challenge the constitutionality of Section 27404 simply by asserting a belief of non-exemption under the statute. We cannot entertain such abstract claims.

### V.

### CONCLUSION

To the extent that the federal complaint alleged a vested rights exemption for the entire Sea Ranch project, the court below did not abuse its discretion by abstaining. In that respect its order is affirmed. To the extent that the federal complaint alleged vested rights exemptions for individual property owners at the Sea Ranch, the complaint should have been dismissed for lack of case or controversy.

As no other aspects of the district court order have been brought to the attention of this court, we leave it otherwise undisturbed.

Costs are awarded to appellees.

REMANDED.

---

3. The fact that Oceanic failed to obtain from the state commissions a *project-wide* exemption suggests that the asserted property rights of *individual* owners at the Sea Ranch are in some measure threatened even though they have never applied for individual exemption. *Cf. Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). However, in this case appellants have made no showing that they as individuals are in a situation identical to, or even similar to, that of Oceanic. Without such a showing, any threat to the individual appellants herein can scarcely be considered "real and immediate," the requisite standard for establishment of a case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), *quoting Golden, supra*, 394 U.S. at 109, 89 S.Ct. 956.

