**SANTA FE LAND IMPROVEMENT COMPANY, a corporation, Plaintiff,**

v.

**CITY OF CHULA VISTA, a Municipal Corporation, et al., Defendants.**

Civ. No. 76–0024–E.

United States District Court,
S. D. California.

June 30, 1976.

Jack W. Crumley, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiff.

Craig K. Beam, Asst. City Atty., Chula Vista, Cal., for defendants.

OPINION

ENRIGHT, District Judge.

This case presents the question whether a District Court may abstain from the exercise of jurisdiction in an action for inverse condemnation, challenging the authority of a municipality to rezone lands specified for industrial use to a designation of open

space. Because the federal constitutional issues raised might be mooted by a state court determination of applicable state law, and because the case presents difficult and significant questions of uncertain state law, the court defers to the state courts and declines the role of a beacon light in the uncharted waters of California land use law. The courts of the State of California are competent to be the initial interpreters of their own statutory program of land use. The court would therefore abstain from the exercise of jurisdiction.

Plaintiff Santa Fe Land Improvement Company (hereinafter "Santa Fe") owns two parcels of realty totaling 352.06 acres in the Bay Front area of Chula Vista. It alleges that it acquired the realty in the 1930's for industrial usage, for which the property was then zoned; but no industrial use was effected during the succeeding three decades. In January 1971 defendant City of Chula Vista (hereinafter "City") commenced action to limit development of the real property at issue by enacting a moratorium on development. The City retained a consulting firm to suggest alternative development plans for the Bay Front area; the City adopted an alternative designating approximately 210 acres of the instant realty for a marsh preserve and other open-space uses. Pursuant to recommendations from its Planning Commission, the City on January 15, 1975, revised its General Plan for land use and adopted a Specific Plan for the Bay Front area, consistent with the development alternative aforementioned. Thereafter, the City rezoned the instant realty in accord with the newly adopted plans.

Santa Fe filed an action in inverse condemnation, for declaratory relief and for writs of mandamus in this court and a substantially similar action in the Superior Court for the County of San Diego, on January 13, 1976. The first cause of action alleges a taking of property without payment of just compensation, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 19 of the California Constitution. The second cause of action seeks a declaration that the City's rezoning actions concerning the instant property were unconstitutional and violative of state and municipal law; for similar reasons, the third and fourth causes of action seek writs of mandamus under the court's pendent jurisdiction, directing the City to repeal its rezones and plans concerning the instant property. The City filed this motion requesting the court to abstain from the exercise of jurisdiction.

■ The doctrine of abstention from the exercise of jurisdiction is a court-made rule whose roots are comity, federalism and judicial economy. Abstention may not be invoked merely at the convenience of the federal courts;[1] it is permissible "only in the exceptional circumstances where the order to repair to the state court could clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Company*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959). This case, however, presents such an interest; the circumstances warrant abstention on more than one ground.

The Supreme Court recently has issued a restatement of the law of abstention, defining the three general categories of circumstances in which the exercise of abstention is appropriate:

(a) Abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." [citations omitted] . . .

(b) Abstention if also appropriate where there have been presented difficult

---

[1] Although it has been suggested that abstention may be a means of easing the congestion of a federal court docket, Wright, *Federal Courts* 196 (2d Ed. 1970), the Supreme Court has intimated to the contrary. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (overcrowded docket not included as appropriate ground for abstention); *see also, Thermatron Products, Inc. v. Hermansdorfer*, 483 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (remand of removed action not permitted for reason of overcrowded federal docket).

questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. [citations omitted] . . .

.   .   .   .   .

(c) Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings . . . ., state nuisance proceedings antecedent to a criminal prosecution, . . . or collection of state taxes . . .

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814–816, 96 S.Ct. 1236, 1244–46, 47 L.Ed.2d 483 (1976). Abstention in this case is justified by the first and second categories delineated by the Court.[2]

First, abstention is appropriate to avoid decision of a federal constitutional question where the case may be resolved solely upon a determination of state law. The leading case for that proposition is *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The Pullman Company sought to enjoin an order of the Railroad Commission of Texas, asserting the 14th Amendment and Texas law as grounds for relief. The District Court stayed a decision of the constitutional questions pending a determination of state law. The Supreme Court concurred:

In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication . . . The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication.

**2.** We are not here concerned with the third category—the doctrine of nonintervention—because this litigation does not seek to restrain state judicial proceedings. *See, e. g., Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971).

**3.** Plaintiff repeatedly contends that abstention is inappropriate because this is an action in inverse condemnation, under state and federal

*Id.*, at 500, 61 S.Ct. at 645. In the instant case plaintiff's second, third and fourth causes of action question the legality of defendants' actions to rezone and alter the General and Specific Plans, under state and municipal law. Plaintiff may well prevail in state court upon issues of state law, obviating a determination of the constitutional questions raised in the first cause of action.[3]

A corollary to the proposition that constitutional questions may be resolved by mootness in a state proceeding is the tenet that federal courts should leave to the states the resolution of unsettled questions of state law. In *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975), the Supreme Court reversed an injunction imposed by a three-judge District Court, stating that abstention was appropriate because the availability of federal relief depended in large part upon an uncertain scheme of state law whose interpretation was best left to state tribunals.

Among the cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute the meaning of which is unclear under state law. If the state courts would be likely to construe the statute in a fashion that would avoid the need for a federal constitutional ruling or otherwise significantly modify the federal claim, the argument for abstention is strong.

.   .   .   .   .

[fn. 8] . . . where the challenged statute is part of an integrated scheme of related constitutional provisions, statutes and regulations, and where the scheme as a whole calls for clarifying

constitutions, which does not challenge the constitutionality of state and municipal statutes. Although the contention is applicable as to the first cause of action, it lacks merit as to the remaining causes. Those causes of action do challenge the propriety of the City's actions, if not the constitutionality, under state and municipal law.

interpretation by the state courts, we have regularly required the District Courts to abstain.

*Id.*, at 84, 95 S.Ct. at 875–76. The instant case similarly entails an integrated scheme of state statutory and constitutional law, much of which has not been interpreted by the state courts. For example, plaintiff challenges the alteration of the Specific and General Plans and the rezones as unlawful exercises of the City's police power; as such, an evaluation of the City's compliance with state and municipal law is necessarily germane. California land use law is a complex statutory matrix governing, *inter alia*, the requisites of a General Plan, the requisites of a Specific Plan, necessary consistency between the Specific Plan and zoning ordinances, and the preservation of open space.[4] Additionally, much of the statutory law, particularly that relating to open-space zoning, has not been interpreted by the courts of the State of California.[5] To require this court to fill any breach in the interpretation of state statutory law would mean not only that the federal court would have a primary role in shaping state land use law but might also make determinations in conflict with subsequent rulings by the state courts. Deference to the state courts at this juncture would be the preferable alternative.

Abstention is also appropriate under the second category of circumstances expressed by the Court in the *Colorado River* case. This case does indeed present difficult questions of state law, whose resolution will substantially affect sensitive areas of state policy; moreover, the importance of the result in the instant case may well transcend the parties litigant. This case involves efforts by the City to comply with state statutes governing the establishment of open-space zones, and the establishment of land use plans to effect that end. Assuming, as contended by the City, that it has followed procedures not unlike that of hundreds of sister cities throughout the state, a ruling by this court might disrupt state efforts to establish a coherent policy concerning land use, and specifically, open-space zoning.[6] Although *stare decisis* regularly imparts the decisions of this court to nonparties, the court is reluctant to make an impact on state entities, given the sensitive nature of the state policies involved. The course of abstention will best aid the court in avoiding "needless conflict with the administration by a state of its own affairs." Wright, *Federal Courts* 199 (2d Ed. 1970); see also, *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Having filed an action in state court, plaintiff has an adequate forum to litigate not only the constitutional questions raised by the first cause of action but also the questions peculiar to state and local law in the remaining causes of action; therefore, intervention by this court is neither necessary nor appropriate. *Alabama Public Service Commission v. Southern Ry. Co.*, 341 U.S. 341, 349, 71 S.Ct. 762, 768, 95 L.Ed. 1002 (1951).

Abstention has been an approved mode of resolving land use disputes by courts applying the reasons discussed in the *Colorado River* case. An exercise of abstention by a three-judge District Court in an action challenging the constitutionality of a different body of California land use law was af-

---

4. *See, e. g.*, Calif.Govt.Code §§ 65302, 65451, 65860, and 65560 *et seq.*

5. This litigation raises issues under state law concerning the interrelation of principles of zoning, open space and inverse condemnation. The one true certainty of the law regarding this interrelation is its uncertainty. *See, e. g., H.F.H. Ltd. v. Superior Court*, 15 Cal.3d 508, 518, fn. 16, 125 Cal.Rptr. 365, 372, 542 P.2d 237, 244 (1975), where the California Supreme Court stated: "This case does not present, and we therefore do not decide, the question of entitlement to compensation in the event a zoning regulation forbade substantially *all* use of the land in question. We leave that question for another day." That question is presented to this court. *See also*, Calif.Govt.Code § 65912 (open-space zoning does not authorize taking of property without just compensation), also without judicial clarification.

6. The City and the State of California, through its *amicus curiae* brief, argue that 411 California cities and 58 California counties would be affected in the parameters of their land use planning activities by a decision of this court.

firmed by the Court of Appeals for the Ninth Circuit in *Sea Ranch Association v. California Coastal Zone Conservation Commissions*, 537 F.2d 1058 (1976).[7] The court found grounds for abstention in the uncertain application of a state statute in issue and the fact that a state court may interpret the statute so that no federal issues will remain. Similarly, the Court of Appeals for the Fourth Circuit affirmed an exercise of abstention in a land use action raising state and federal issues. *Fralin and Waldron, Inc. v. City of Martinsville, Virginia*, 493 F.2d 481 (1974). Mr. Justice Clark stated that a state adjudication would serve the dual purpose of avoiding "needless friction in federal-state relations over the administration of purely state affairs," as well as possibly avoiding otherwise necessary decisions on federal constitutional questions. *Id.*, at 482–83.

Several decisions by the District Courts have been cited for the [im]propriety of abstention in land use cases. In addition to the District Court decision in *Sea Ranch, supra*, the court in *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 390 F.Supp. 1004 (C.D.Cal.1975) elected to abstain. As here, that court cited the sensitivity of land use law in California, its unsettled and complex nature, and the possibility of disposition of the matter solely under state and municipal law as grounds for abstention. In *Donohoe Construction Co., Inc. v. Maryland-National Capital Park and Planning Commission*, 398 F.Supp. 21 (D.Md.1975), the court ruled, *sua sponte*, that abstention was inappropriate. That case is distinguishable from the instant case, however, because the interpretation of state and local statutory land use law was not at issue. The court found that the Maryland constitutional provision at issue was effectively identical to that found in the United States Constitution, and that abstention would serve no useful purpose. Finally, the court in *M. J. Brock & Sons, Inc. v. City of Davis*, 401 F.Supp. 354 (N.D.Cal.1975) found ab-

stention inappropriate on facts closely analogous to the instant case. That decision cannot be distinguished from the decision here or the decisions in *Rancho Palos Verdes, supra; Fralin and Waldron, supra*, or *Sea Ranch, supra*.

In summary, this court determines that abstention from the exercise of jurisdiction is appropriate under the rules set forth by the Supreme Court in the *Colorado River* and *Harris County* cases. A state court proceeding may obviate the determination of federal constitutional questions. Moreover, because the status of state law concerning open-space zoning is unsettled, interpretation of that law in the first instance is best left to the state courts. Finally, the difficult, important, and sensitive questions of land use policy raised in this action indicate that federal-state relations would best be served by an action of deference.

In electing to abstain from jurisdiction the court creates an additional question whether a stay of proceedings or dismissal would be proper. The court will dismiss the action because it grounds its abstention at least in part upon the second category expressed in the *Colorado River* decision. When a court abstains for the reason that difficult and important issues of state law should be determined by the state court, there is no reason to merely stay the federal proceeding. See *Burford, supra*; Wright, *supra* at 201. The rationale for abstention in that circumstance is that a federal court should avoid, not merely delay, the determination of important state issues. All of the issues raised here can be determined in the state court action.

The action is dismissed.

---

7. That case entailed a constitutional challenge of portions of the California Coastal Zone Conservation Act, Calif.Pub. Resources Code §§ 27401 *et seq.* The District Court abstained from jurisdiction, citing some of the reasons expressed by this court. 396 F.Supp. 533 (N.D. Cal.1975).