**SAVE SOUTH KONA COALITION, et al., Plaintiffs,**

v.

**Elizabeth DOLE, Secretary of the United States Department of Transportation, et al., Defendants.**

**Civ. No. 82–0574.**

United States District Court, D. Hawaii.

Dec. 8, 1983.

Native Hawaiian Legal Corp., Boyce R. Brown, Jr., Melody K. MacKenzie, Gary M. Pakele, Honolulu, Hawaii, for plaintiffs.

Tany S. Hong, Atty. Gen., State of Hawaii, Randall Y.K. Young, Deputy Atty. Gen., Honolulu, Hawaii, for State of Hawaii.

Daniel A. Bent, U.S. Atty., Honolulu, Hawaii, for Andrew L. Lewis and Heloshi Kusumoto.

## OPINION AND ORDER

PENCE, Senior District Judge.

Plaintiffs brought suit to challenge the defendants' alleged noncompliance with section 4(f) of the Department of Transportation Act of 1966 (49 U.S.C. § 1653(f)) and section 138 of the Federal Aid Highway Act of 1968 (23 U.S.C. § 138) (collectively known as the "4(f) statutes"). The court finds it unnecessary to reach the merits of plaintiffs' claim because any such claim is not now ripe for adjudication. Accordingly, the case is dismissed.

### I.

The ripeness doctrine is drawn both from Article III limitations on judicial power and discretionary reasons of policy against deciding hypothetical cases. *See generally* 13 C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3532 (1975). However phrased, both of these concerns focus on the fact that the tendered case involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all. *Id.* § 3532, at 182 (Cum.Supp.1980). The doctrine of ripeness keeps such cases out of federal court.

### II.

This litigation contests the "planned future construction" of the Federal Aid Primary Highway System on the Island of Hawaii. As presently envisioned, the pro-

posed highway is to run from Holualoa to Papa on the Kona coast of the island.

The 4(f) statutes were designed to protect the nation's parks and historical monuments. They prohibit the use of such lands for highways unless certain conditions are met. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 411, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971). Plaintiffs allege that defendants have violated the 4(f) statutes in that the proposed project does use park and historical areas without meeting 4(f)'s requirements.

An environmental impact statement for this proposed project was approved in May 1980, including the necessary 4(f) statements. The defendant Secretary of Transportation granted corridor approval based on the environmental impact and 4(f) statements. Plaintiffs have focused exclusively on these acts to argue that their case is ripe. Plaintiffs ignore, however, the litany of other requirements and prerequisites to construction, which lead to the inescapable conclusion that this case is not ripe for adjudication.

Before construction on the highway may begin, corridor, location, and design approval are all required. This project has received corridor approval, but location and design approval are somewhere in the future. The project is essentially in abeyance following some preliminary planning studies. Nothing has been done to advance the project since the original environmental impact and 4(f) statements were approved over three years ago. No funds are available for detailed design preparation, and no construction work can begin until such design work is done. No money has been allocated by the state for any work on the project at least through fiscal 1988–89. No land has been chosen or purchased for the project. The state and federal transportation authorities inform the court, by way of affidavit, that given the state's construction priority, construction, if it is to take place at all, is over a decade off. Moreover, any work to be done will probably be prefaced by another environmental impact statement. With all of these points in mind, it is apparent that any construction work is over a decade off into the future.

No one doubts that the defendants must comply with the 4(f) requirements should they ever build the proposed project. This does not mean, however, that the defendants are proper subjects of the disruption raised by premature litigation. This court must insure that judicial review involves concrete disputes over meaningful interests, rather than abstract disputes over hypothetical government actions. *See generally Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967).

In this case, the plaintiffs seek to litigate the fate of a hypothetical highway. As the Second Circuit pointed out in *National Wildlife Fed. v. Goldschmidt,* 677 F.2d 259, 263 (2d Cir.1982), issues that now seem crucial may become irrelevant, and new issues may arise over the years as conditions change and this project sits on some planner's shelf. Just as in *National Wildlife Fed.,* no construction is likely until a supplemental environmental impact statement is completed. *Id.* Any immediate decision by the court may therefore not be final, and may be subject to amendment given revelations in later statements.

Cases relied on by the plaintiffs, such as *Friedman Bros. Inv. Co. v. Lewis,* 676 F.2d 1317 (9th Cir.1982), are distinguishable from the present one. In *Friedman,* 676 F.2d at 1318, for example, the project in question had been funded and condemnation had been authorized. In cases such as this one, however, where no funds are now or foreseeably available to move the project forward, we are dealing with a hypothetical construction project, not currently a proper object for litigation. The doctrine of ripeness was designed to keep precisely this variety of hypothetical case out of court.

## III.

■ Plaintiffs' claims of injury are likewise too remote to render them presently justiciable. Among other claims, plaintiffs contend an injury to their "cultural and aesthetic sensibilities," "cultural and ar-

cheological legac[ies]," as well as general air and sound quality. These allegations cannot possibly pertain to this proposed project, however. There is no heavy machinery bulldozing through the countryside. No land has been purchased or altered. Nothing has been done to further this project for over three years. The weight of evidence suggests that nothing will be done for another decade, if anything is ever done at all. Plaintiffs cannot "establish a justiciable controversy by simply asserting that the risk of future harm causes them a present injury." *Pacific Legal Found. v. State Energy Resources Conservation & Dev. Comm'n*, 659 F.2d 903, 916 (9th Cir.1981), *aff'd*, —— U.S. ——, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). *See also Sea Ranch Assoc. v. California Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1063 (9th Cir.1976). All plaintiffs have here is a *risk* of injury, contingent on many things, including the ultimate question of whether a new highway will ever run between Holualoa and Papa. Their claims are not immediate enough to ripen this hypothetical litigation into a concrete controversy.

### V.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of ripeness is GRANTED.