967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James DEMERS, et al, Plaintiff-Appellee,
and
Donna Loader; Louis Loader, Plaintiffs-Appellants,
v.
RONCOR, INC., Defendant-Appellee.
James DEMERS; Doris Demers; Philip J. Poston, et al., on
behalf of themselves and all other residents and property
owners in the Townsite of Sapphire Village, Judith Basin
County, Montana, similarly situated Plaintiffs-Appellants,
v.
RONCOR, INC., Defendant-Appellee.
 Nos. 90-35761, 90-35818 and 91-35020.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1992.
Decided June 22, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and DAVIES.*
 
 
 2
 MEMORANDUM**
 
 BACKGROUND
 
 3
 This is a class action by residents of Sapphire Village, a residential subdivision in Judith Basin County, Montana. Members of the plaintiff class purchased lots in Sapphire Village subject to the terms of a Declaration of Restrictive Covenants, Reservations, Restrictions and Grant of Mining Permit ("Declaration of Restrictive Covenants"). The Declaration of Restrictive Covenants permitted lot owners to hand mine the Yogo sapphire, sapphire ore, sapphire bearing rock and sapphire bearing sand and gravel from certain patented mining claims.
 
 
 4
 The lot owners filed their class action lawsuit against Roncor on August 29, 1988, alleging that their rights to mine had been interfered with by Roncor's commercial mining activities. The complaint alleges that Roncor breached the Declaration of Restrictive Covenants by transferring mining claims to Intergem, Inc., a company that commercially mined the disputed areas for three years beginning in 1982.
 
 
 5
 In February of 1990, the case was tried to a jury. The jury returned a verdict for the plaintiff class. The jury verdict assessed damages of the class as follows:
 
 
 6
 "... in the amount of $180.00 per lot/per year of ownership for the time period from Jan. 1, 1982 or ownership thereafter, to July 15, 1999 [sic]."
 
 
 7
 On March 19, 1990, the district court entered its Memorandum and Judgment which stated: "Judgment is hereby entered in favor of the plaintiffs and against the defendants in the sum of $133,344.54 plus costs." On its face the judgment appears to be for a fixed amount. The judgment is of course based upon the jury verdict. The verdict is a formula. The court relied upon the formula to compute the judgment amount. The number of class lots is a variable. Any change, deletion from or addition to, the number of lots owned by class members directly alters the computed amount of the judgment. The March 19, 1990 memorandum excluded the Loaders from the class.
 
 
 8
 On March 23, 1990, the class filed its motion to amend the judgment. It thereby sought to add lot owners Bruce and Jean Knowles to the class. On April 30, 1990, a stipulation to amend the memorandum of judgment to correct the ownership of certain lots was filed. On May 2, 1990, the Court issued an Order Amending the Judgment to reflect ownership of certain lots by class members. On July 6, 1990, Donna and Louis Loader filed their Motion for Relief Under Rule 60. These motions were not ruled upon immediately. Not until September 4, 1990, did the district court enter its order ruling on the various pending and post-judgment motions. The court ruled as follows:
 
 
 9
 (1) Granted plaintiffs' motion to add Bruce and Jean Knowles to the class because of their ownership of Lot 18, Block 11;
 
 
 10
 (2) Granted the motion to delete from the plaintiff class Alvina Klarer as owner of Lot 40, Block 3;
 
 
 11
 (3) Granted the motion to delete from the plaintiff class Richard and Lenore Davis as owners of Lot 55, Block 3;
 
 
 12
 (4) Granted the motion to delete Jeffery Jennings from the plaintiff class as owner of Lots 44 and 45, Block 3;
 
 
 13
 (5) Granted the motion to delete Karl Dame from the plaintiff class as owner of Lot 50, Block 3;
 
 
 14
 (6) Denied the motion to recompute the per lot damages, and reaffirmed that the present value as the proper basis of computation, and established $3,174.87 per lot as the proper damage amount; and
 
 
 15
 (7) Denied the Loaders' Motion for Relief Under Rule 60 after determining the motion to be an attempt to circumvent Rule 60.
 
 
 16
 By these rulings the district court added owners of one lot to the class, and deleted owners of five lots. The result was a net downward adjustment of four lots. The number of class-owned lots was thus found to be thirty-eight. These rulings by the district court inevitably resulted in an amendment to the judgment.
 
 
 17
 The judgment was adjusted to $120,645.06 plus costs. The adjustment reflected the new finding which changed the number of lots owned by class members. The initial judgment was in the sum of $133,344.54. Damages were found to be $3,174.87 per lot. The net change in the number of lots owned by the class was four. $3,174.87 multiplied by four is $12,699.48, the amount by which the amended judgment was reduced so as to become $120,645.06.
 
 
 18
 On September 13, 1990, the plaintiff class filed its Motion to Reconsider, Amend, or Clarify the Court's Amended Order Dated August 31, 1990 and Filed September 4, 1990. The relief sought by this motion was the deletion from the September 4 order of the "inaccurate recitation" that "the value of digging rights to lot owners" was presented to the jury for its determination. The issue decided by the jury should have been, according to the class, damages arising from injury to the digging rights, not the value of those rights. The motion requested the court to amend its order. If the motion were granted it would have necessarily entailed the corresponding amendment and alteration of the amended judgment. The merits of the motion are of no consequence for our present purposes.
 
 
 19
 Following the lead of the class, the Loaders on September 14, 1990, filed their Motion to Reconsider, Amend, or Clarify Order Dated September 4, 1990. The brief in support of the motion was filed on September 20, 1990. The Loaders contested the court's characterization of the Loaders' July 6, 1991 Motion for Relief Under Rule 60 as a Rule 59 motion. They also contested the court's conclusion that they were barred by res judicata and thereby excluded from the plaintiff class. Further, the Loaders challenged the court's interpretation of the jury verdict with the following language:
 
 
 20
 "From this jury verdict, the Court makes the unwarranted assumption that the jury verdict terminated those digging rights rather than just awarding damages to Plaintiffs for the interference of those rights.... Thus, the Court, by its interpretaion [sic] of the jury verdict, and by its amended judgment and order concluding that this litigation has terminated the digging rights of Loaders and the Plaintiff class, has effectively granted to Roncor affirmative relief for which it neither pleaded nor prayed and for which there is no bases [sic] in either fact or law."
 
 
 21
 On September 27, 1990, the Loaders filed their notice of appeal. On October 3, 1990, the plaintiff class filed its notice of appeal. On October 10, 1990, Roncor filed its notice of appeal. The district court has failed to rule on both the class motion and the Loaders' motion to reconsider, amend or clarify.
 
 
 22
 On October 21, 1991, the Case Management Attorney issued an order to show cause regarding the issue of whether this Court lacks jurisdiction because the Loaders' September 14, 1990 post-judgment motion tolled the time for appeal. The parties filed responses to the order to show cause on November 1, 5, and 6, 1991. On December 5, 1991, the Case Management Attorney issued an order referring those responses to the merits panel.
 
 DISCUSSION
 
 23
 Despite the fervent desires of all parties, this court does
 
 
 24
 not have jurisdiction. Agreement by all parties does not
 
 
 25
 make it so. The Loaders' September 14, 1990 motion to amend
 
 
 26
 or clarify the amended judgment and order entered September
 
 
 27
 4, 1990 was a Rule 59(e) motion. By that motion the Loaders
 
 
 28
 sought to be added to the class. To grant such relief would
 
 
 29
 have entailed amending the amended judgment to reflect class
 
 
 30
 ownership of one additional lot. This motion is still
 
 
 31
 pending before the district court. It is a Rule 59(e)
 
 
 32
 motion and thus the time to file all notices of appeal has
 
 
 33
 been tolled.
 
 
 34
 "The requirement of timely notice of appeal is mandatory and
 
 
 35
 jurisdictional." Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386
 
 
 36
 (9th Cir.1988) (citation omitted) See also Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264
 
 
 37
 (1978). Federal Rule of Appellate Procedure 4(a)(4) provides:
 
 
 38
 "If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."
 
 
 39
 This rule is jurisdictional. See id.; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418-19 (9th Cir.1984). Thus, a party who files a notice of appeal while a Rule 50(b), 52(b), or 59 motion is pending must file another notice of appeal after the disposition of that motion. United States For the Use of Pippin v. J.R. Youngdale Constr. Co., 923 F.2d 146, 148 (9th Cir.1991). If the party fails to do so, this court lacks jurisdiction over the appeal. Id.
 
 
 40
 Fed.R.Civ.P. 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Rule 59(e) was added to make clear that the district court possesses the power to alter or amend a judgment after its entry. A Rule 59(e) motion also may be made to alter or amend an amended judgment. Munden v. Ultra-Alaska Associates, 849 F.2d 383, 386 (9th Cir.1988).
 
 
 41
 The amended judgment was entered on September 4, 1990. On September 14, the Loaders filed their Motion to Reconsider, Amend, or Clarify the Court's Amended Order Filed September 4, 1990. The filing was timely under Rule 59(e). The motion challenged the court's conclusion that the Loaders were barred by res judicata and therefore excluded from the plaintiff class. It challenged the court's interpretation of the jury verdict as well. The object of the motion was to alter the amended judgment. The relief sought by the Loaders was their inclusion in the class. The addition of the Loaders to the class would have resulted in an alteration of the amended judgment. The two lots owned by the Loaders would necessarily be added to the thirty-eight previously found to be the total. The judgment would have been amended from $120,645.06 plus costs to $123,819.93 plus costs. Also, the Loaders objected to the court's September 4 "amended judgment and order" in which the court made the controversial interpretation of the jury verdict. On September 27, 1990, the Loaders filed their notice of appeal. The docket sheet shows an entry for the filing of said motion, but does not contain an entry for a dispositive order by the district court. All parties agree the district court has not yet ruled on the Loaders' September 14, 1990 motion.
 
 
 42
 We lack jurisdiction because the Loaders' September 14, 1990 motion was a Rule 59(e) motion. See Fed.R.App.P. 4(a)(4). Although the Loaders styled their September 14, 1990 motion, in the caption of the pleading, as "Loaders' Motion to Reconsider, Amend or Clarify Order Dated September 4, 1990", this court has consistently held that regardless of the party's characterization, we "examine the real nature of the motions," Munden v. Ultra-Alaska Associates, 849 F.2d 383, 386 (9th Cir.1988), quoting Bordallo v. Reyes, 763 F.2d 1098, 1102 (9th Cir.1985), and "[t]he nomenclature the movant uses is not controlling," Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635 (9th Cir.1989) (citing Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'ns, 537 F.2d 1058, 1061 (9th Cir.1976)); Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983). "The court will construe [the motion], however styled, to be the type proper for the relief requested." Id.; Whittaker v. Whittaker Corp., 639 F.2d 516, 520 (9th Cir.1981), cert. denied, 454 U.S. 1031 (1981). Here, the relief requested by the Loaders clearly entailed an amendment and alteration of the amended judgment.
 
 
 43
 The Supreme Court has held that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.' " Osterneck v. Ernst & Whinney, --- U.S. ----, 109 S.Ct. 987, 990 (1989) (quoting White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 451 (1982)). This court has considered the history of Rule 59(e) and determined that " 'alter or amend' means a substantive [as opposed to a merely clerical] change of mind by the court." Miller, 709 F.2d at 527 (citing Boaz v. Mutual Life Insurance Co. of New York, 146 F.2d 321 (8th Cir.1944), which was cited in the advisory committee note to Rule 59(e)); White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 450-51 (1982); Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 674 F.2d 1252, 1260 (9th Cir.), cert. denied, 459 U.S. 1227 (1982). The Loaders' motion sought substantive, and not clerical, change. In the motion, the Loaders contested the court's conclusion that they were barred by res judicata, and their consequent exclusion from the class. The motion also challenged the court's interpretation of the jury verdict as expressed in the September 4, 1990 amended judgment and order. It requested relief from the court's judgment against them, and challenges the court's "interpretaion [sic] of the jury verdict, and by its amended judgment and order concluding that this litigation has terminated the rights of Loaders and the Plaintiff class...." Ultimately, if the district court had granted the Loaders' September 14, 1990 motion and allowed the Loaders to rejoin the plaintiff class, such a grant would have necessitated the amendment or alteration of its judgment pursuant to Rule 59(e) to add $3174.87 to the monetary judgment to account for the additional lot. Further, certainly the judgment and the parties' rights would have been affected if the court had changed its interpretation of the jury verdict regarding the digging rights of the class. Such changes are substantive, and not clerical, alterations of the judgment. The September 14, 1990 relief sought by the Loaders was therefore clearly that which would have been properly sought under Rule 59(e). As such, the Loaders' September 14, 1990 motion must be construed as a Rule 59(e) motion, which tolls the time for appeal under Fed.R.App.P. 4(a)(4).
 
 
 44
 Further, the Loaders' motion was filed within ten days of entry of the amended judgment and order. This court has consistently found "that if a motion is served within ten days of judgment and it could have been brought under Rule 59(e), it tolls the time for appeal although it does not expressly invoke Rule 59." Sierra On-Line, Inc., 739 F.2d at 1419; Mir v. Fosburg, 646 F.2d 342, 344 (9th Cir.1980); Whittaker, 639 F.2d at 520; Sea Ranch, 537 F.2d at 1061. It is particularly notable that the Loaders filed their September 14, 1990 motion within ten days of the amended judgment since in the September 4, 1990 order the district court appears to have pointed out to the Loaders that their July 6 Motion for Relief Under Rule 60 was functionally a 59(e) motion, and therefore the motion was "an attempt to circumvent" the rules since the motion was late. As the Loaders' September 14, 1990 motion amounted to a Rule 59(e) motion, and the district court did not rule on the motion before the Loaders filed their notice of appeal, the motion tolled the time for appeal under Fed.R.App.P. 4(a)(4). The Loaders' September 27 notice of appeal was therefore a nullity. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982).
 
 
 45
 The filing of an appellate brief after disposition of a Rule 59(e) motion may be construed as a new filing of a notice of appeal. In fact "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." Smith v. Barry, --- U.S. ----, 112 S.Ct. 678, 682 (1992). However, in this case, the district court has never ruled on the Loaders' September 14, 1990 motion. Nor is there any indication in the record of an oral ruling by the district court which would serve as a disposition of the motion. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., --- U.S. ----, 111 S.Ct. 648 (1991) (a nonfinal oral decision by the district court may be construed as a disposition of the motion for Rule 4 purposes). Therefore, since the Loaders' September 14, 1990 motion never was disposed of before the parties filed their appellate briefs, the filing of these briefs cannot be construed as a timely notice of appeal.
 
 
 46
 Consequently, this Court cannot consider any of the appeals. Rule 4(a)(4) expressly provides that if a Rule 59 motion is timely filed in district court, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." Consistent with Rule 4(a)(4), this court has held that "if any party files a Rule 59(e) motion, the time to file a notice of appeal is tolled for all parties." United States For the Use of Pippin v. J.R. Youngdale Constr. Co., 923 F.2d 146, 148 (9th Cir.1991). (citing Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986)); F.E.L. Publications, Ltd. v. Catholic Bishop, 739 F.2d 284 (7th Cir.1984) (per curiam).
 
 Conclusion
 
 47
 The notice of appeal filed on September 27, 1990 by the Loaders did not comply with the requirements of Fed.R.App.P. 4(a)(4). The Loaders' Motion to Reconsider, Amend, or Clarify the Court's Amended Order Filed September 4, 1990 constituted a Fed.R.Civ.P. 59(e) motion, and has not been disposed of by the district court. As such, the appeal by the Loaders was untimely, and we have no jurisdiction over the appeals of all the parties. Fed.R.App.P. 4(a)(4); United States For the Use of Pippin, 923 F.2d at 148. The appeals are therefore
 
 
 48
 DISMISSED.
 
 
 
 *
 Honorable John G. Davies, United States District Court, Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3