21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darlene BURLEY, Plaintiff-Appellant,
v.
McDONNELL DOUGLAS HELICOPTER COMPANY, Defendant-Appellee.
 No. 93-16392.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this Title VII action, Darlene Burley appeals pro se the district court's denial of her post-judgment motion for reconsideration. We affirm.
 
 
 3
 On April 23, 1993, the district court granted the appellee's motion for summary judgment and dismissed the action. On May 6, 1993, Burley filed a motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e). On May 18, 1993, the district court denied the Rule 59(e) motion. On June 1, 1993, Burley filed a "petition for review," in which she alleged that she had newly discovered evidence and requested that the district court allow the case to proceed to trial. On June 7, 1993, the district court denied the "petition." On July 7, 1993, Burley filed a notice of appeal.
 
 
 4
 We must first address the appellee's argument that we lack jurisdiction because Burley's notice of appeal was untimely.
 
 
 5
 In her "petition for review," Burley stated that she was entitled to relief from judgment on the basis of newly discovered evidence. Accordingly, we construe the document as a Fed.R.Civ.P. 60(b)(2) motion for reconsideration. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (motion for reconsideration may be brought under Rule 60(b)(2) if the moving party presents newly discovered evidence); Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'n, 537 F.2d 1058, 1061 (9th Cir.1976) (name assigned to motion by movant is not controlling; this court will construe a motion to be the type proper for the relief requested). Burley's notice of appeal, which was filed thirty days after the denial of her Rule 60(b)(2) motion, is timely as to that ruling. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978) (an appeal may be taken from a ruling on a Rule 60(b) motion.)[1]
 
 
 6
 Nevertheless, in her motion, Burley failed to present any material evidence that could affect the summary judgment in favor of the appellee. Accordingly, we conclude that the district court did not abuse its discretion by denying the Rule 60(b)(2) motion. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (denial of Rule 60(b) relief is reviewed for an abuse of discretion).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An appeal from the denial of Rule 60(b) relief, however, "does not bring up the underlying judgment for review." Browder, 434 U.S. at 263 n. 7. Accordingly, we cannot review the district court's grant of summary judgment
 
 
 [2]
 The appellee's request for attorney's fees is denied