**Richard Orrin JONES, Plaintiff—Appellant,**

v.

**John KITZHABER, Governor for the State of Oregon; et al., Defendants—Appellees.**

No. 02–35728.

D.C. No. CV–02–06111–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Richard Orrin Jones appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the defendants conspired "to throw" a civil suit that challenged the constitutionality of Measure 7 on the Oregon ballot in 2000. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Nelsen v. King County*, 895 F.2d 1248, 1249 (9th Cir.1990), we affirm.

The district court properly dismissed Jones's action for lack of standing because Jones failed to allege a "distinct and palpable" injury. *See Rubin v. City of Santa Monica*, 308 F.3d 1008, 1020 (9th Cir.2002) (plaintiff seeking to have certain information included in a ballot designation for a municipal election lacked standing "as a voter and a citizen"). Furthermore, Jones failed to allege that he suffered a sufficiently concrete injury. *Cf. Sea Ranch Ass'n v. Calif. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1063 (9th Cir. 1976) (holding that where the "constitutional question . . . turns on the application of a land use restriction to specific parcels of property, no case or controversy is presented absent some indication that the plaintiffs' rights have been subjected to a real and immediate threat[ ]").

Similarly, the district court properly denied leave to amend because it was clear that Jones could not amend his complaint to allege standing. *See, e.g., Cato v. United States*, 70 F.3d 1103, 1109–10 (9th Cir. 1995).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.