Barbara MUNDEN, Plaintiff–Appellant,

v.

ULTRA–ALASKA ASSOCIATES, et al., Defendant–Appellee,

v.

FLOHR METAL FABRICATORS, INC., Defendant-third-party-plaintiff.

Barbara MUNDEN, Plaintiff–Appellee,

v.

ULTRA–ALASKA ASSOCIATES, et al., Defendant,

v.

DMC PROPERTIES, INC., et al., Third-party-plaintiff,

v.

FLOHR METAL FABRICATORS, INC., Third-party-defendant-Appellant.

Barbara MUNDEN, Plaintiff–Appellee,

v.

ULTRA–ALASKA ASSOCIATES, et al., Defendant,

v.

FLOHR METAL FABRICATORS, INC., Third-party-defendant,

and

DMC Properties, Inc., et al., Defendant-third-party-plaintiff-Appellant.

Nos. 86–4013, 86–4146 and 86–4147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 1987. Decided June 8, 1988.

Kurt M. LeDoux, LeDoux & LeDoux, Kodiak, Alaska, for plaintiff-appellant cross-appellee.

Michael A. Barcott, Faulkner, Banfield, Doogan & Holmes, Seattle, Wash., for defendants-appellees cross-appellants.

David H. Thorsness, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for defendant-appellee cross-appellant.

Before BEEZER and LEAVY,[*] Circuit Judges, and GRAY,[**] District Judge.

LEAVY, Circuit Judge:

The appellees (Ultra–Alaska) move to dismiss Munden's appeal on the ground this court lacks jurisdiction. We hold that Munden's notice of appeal was premature, and her failure to file a timely notice of appeal deprives the court of jurisdiction. Thus, we grant the motion to dismiss.

## FACTS AND PROCEEDINGS IN THE DISTRICT COURT

This is a maritime personal injury action brought by Barbara Munden, a crew member of a fish processing barge who was injured in 1981 while using certain processing machinery on the barge. Munden brought the action against the barge, its owner, her employer, the barge master, and related entities. These defendants, termed the "marine defendants," filed a third party action against the manufacturer of the equipment on which Munden was injured, Flohr Metal Fabricators, Inc. Munden filed a separate action against Flohr, and the two actions were consolidated.

In October 1985, after a bench trial, the district court entered Findings of Fact and Conclusions of Law holding certain defendants jointly and severally liable, finding Munden in 25% comparative fault, and dis-

---

[*] Judge Leavy was drawn to replace Judge Kennedy. He has read the briefs, reviewed the record, and listened to the tapes of oral argument held on September 10, 1987.

[**] Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

missing Munden's action against one defendant.

On February 18, 1986, the district court entered judgment awarding Munden $136,680 damages. In addition, the judgment provided that she recover prejudgment interest from the date of injury on those items of damages which were compensation for past loss.

Subsequently, defendant Flohr moved to deny Munden prejudgment interest that had accrued after the expiration of an offer of judgment, under Federal Rule of Civil Procedure 68.[1] Munden also moved at this time to amend the court's findings of fact and judgment.

On June 13, 1986, the district court entered an order denying Flohr's motion and granting Munden's motion in part. In denying Flohr's motion, the court found that Rule 68 deals solely with the shifting of costs, not the interruption of prejudgment interest after an offer of judgment. In ruling on Munden's motion, the court modified its damages calculation, incorporated new conclusions, and amended its findings. On June 23, 1986, the court entered an amended judgment for $256,474.38 reflecting the modified award, including prejudgment interest and costs.

On June 27, 1986, the defendants filed a motion entitled "Motion to Amend Form of Judgment." They asked the court to delete those costs awarded Munden that were incurred after the offer of judgment and attached a form of amended judgment in conformity with their request. They argued that, as of the date of the offer, the actual judgment awarded Munden had a value under $250,000, and was greater than $250,000 when actually awarded solely because of the interest and costs that had accrued after the date of the offer. Therefore, the defendants argued, the actual award was less than the offer, and consequently Munden must bear her own costs. Similarly, the defendants argued that Munden should have to bear their post-offer

costs. The defendants did not indicate under which federal rule they moved. However, before this court they characterize the motion as one under Federal Rule of Civil Procedure 59(e), made to alter or amend the judgment.

On July 14, 1986, Munden filed a notice of appeal from the amended judgment of June 23. On July 28, 1986, the defendants filed their notices of cross-appeal.

On August 1, 1986, the court filed an order which it labeled "Order (Motion to Amend Judgment Granted)." The court deleted Munden's costs that had accrued after the offer and awarded certain costs to the defendants.

Munden did not file a notice of appeal after entry of the August 1 order. On August 18, 1986, Munden filed in the Court of Appeals a Civil Appeals Docketing Statement, as required by Ninth Circuit Rule 33–1, which included as issues raised on appeal both the court's June 23 and August 1 rulings.

Federal Rule of Appellate Procedure 4(a)(4) provides (emphasis added):

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect.* A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Because we conclude the defendants' June 27 motion was a Rule 59(e) motion, we hold that Munden's July 14 notice of appeal was premature. Her subsequent failure to appeal from the amended judgment of August 1 precludes her from seeking appellate relief. Fed.R.App. P. 4(a)(4). Accordingly, we dismiss for lack of jurisdiction.

---

1. Rule 68 provides that if an offer of judgment is not accepted, and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." On May 17, 1985, the defendants had offered that a judgment be taken against them jointly for $250,000, which Munden did not accept.

## MUNDEN'S CONTENTIONS ON APPEAL

Munden argues that she has filed an adequate notice of appeal on one of three alternative grounds:

(1) Federal Rule of Civil Procedure 59(e) is not applicable to a motion to amend an already amended judgment;

(2) Defendants' June 27 motion was not a Rule 59(e) motion, but rather a Rule 54(d) motion or a Rule 60 motion;

(3) Munden's Civil Appeals Docketing Statement is a sufficient notice of appeal.

## DISCUSSION

■ The requirement of a timely notice of appeal is mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). A notice of appeal filed while a timely Rule 59 motion is pending is "premature," a "nullity," and "ha[s] no effect." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

1. *Whether Rule 59(e) is Applicable to a Motion to Amend an Amended Judgment*

Federal Rule of Civil Procedure 59(e) provides:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

■ Munden argues that the only judgment in this case is the original one entered on February 18, 1986, and that Rule 59(e) is only applicable to the original judgment, not an amended judgment. Thus, according to Munden, for defendants' motion to be one under Rule 59(e), it would have to have been filed within ten days of the February 18 judgment. We disagree.

An amended judgment supersedes the original judgment. Under Munden's argument, an amended judgment would be invincible from question by anything other than a motion under Federal Rule of Civil Procedure 60 or an appeal. However, this would defeat the purpose of Appellate Rule 4(a)(4). Rule 4(a)(4) was enacted to prevent an appeal going forward while the district court is deciding to vacate or alter the very judgment which is the subject of the appeal. *See* Notes of Advisory Committee on Appellate Rules, 1979 Amendment.

2. *Whether the Defendants' Motion Was Brought Under Rule 59(e)*

Munden claims that "the policy of the Ninth Circuit is apparently to construe post trial motions in a manner that will save an appeal." She argues that the defendants' motion should not be characterized as one under Federal Rule of Civil Procedure 59(e), as that would cause her notice of appeal, having been prematurely filed, to be ineffective. Rather, Munden contends the defendants' motion should be characterized as one under Federal Rule of Civil Procedure 54(d) or 60.[2]

■ Munden misstates this court's position on post-judgment motions. In determining whether a post-judgment motion is one brought under Rule 59(e), "nomenclature is not controlling." *Sea Ranch Ass'n. v. California Coastal Zone Conservation Comm'n*, 537 F.2d 1058, 1061 (9th Cir.1976). Rather, this court looks at the substance of the requested relief to see if it is "relief which might have been granted under Fed.R.Civ.P. 59(e)." *Id.* We do not strain to characterize artificially something as a Rule 54(d) or Rule 60 motion merely to keep the appeal alive; rather we "examine the real nature of motions so as to sustain jurisdiction on appeal." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir.1985).

**2.** Federal Rule of Civil Procedure 54(d) provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

Federal Rule of Civil Procedure 60 provides for relief from a judgment or order upon a showing of a clerical mistake or a mistake due to inadvertence, excusable neglect, newly discovered evidence, fraud, or for any other good reason.

*Whittaker v. Whittaker Corp.*, 639 F.2d 516 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981), is a case procedurally similar to this one. There, the defendant filed a post-judgment motion to retax costs, arguing that it, not the plaintiffs, should be considered the prevailing party. As here, the defendant did not state the rule under which it moved. This court found the motion was made under Rule 59(e) and denied it. We stated:

A motion to amend the judgment with respect to costs has been heard as a 59(e) motion where the motion was to tax costs against a different party; or to delete the award of costs altogether; or to add costs where none were in the judgment before....

...For substantive challenges as to the appropriateness of awarding costs at all, especially where such challenge involves a redetermination of who was the prevailing party, Rule 59(e) may be appropriate.

*Id.* at 520–21 (citations omitted).

■ Here, as in *Whittaker*, the defendants challenged costs previously awarded on a substantive basis. The district judge deliberated over a new issue raised by the motion (whether to include post-offer interest in determining if the offer of judgment exceeded Munden's actual recovery). The defendants' motion sought substantive, not merely ministerial or clerical, relief. *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir.1983).

We are aware of our recent holding in *Durham v. Kelly*, 810 F.2d 1500, 1503 (9th Cir.1987), which stated, without citing *Whittaker*, that "a motion to alter or amend a judgment to award costs does not come within Rule 59(e)." However, *Durham* is distinguishable, because there we were faced with the narrow issue of a motion seeking reallocation of costs requiring only clerical changes.

Finally, this court has held that a motion for reconsideration filed within ten days of the judgment may be brought under Rule 59(e). In *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir.1984), we stated: "We have consistent-ly held that if a motion is served within ten days of judgment and it could have been brought under Rule 59(e), it tolls the time for appeal although it does not expressly invoke Rule 59." This position is consistent with other circuits. *See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); *Sunstream Jet Express, Inc. v. International Air Service Co. Ltd.*, 734 F.2d 1258, 1272–73 (7th Cir.1984).

The defendants' motion here is properly considered under Rule 59(e), as it sought a substantive change in the district court's decision, and the court's own opinion demonstrates that the motion did not require a merely "ministerial" act by the court.

### 3. *Whether Munden's Civil Appeals Docketing Statement is a Sufficient Notice of Appeal*

■ Munden argues in the alternative that this court should construe her Civil Appeals Docketing Statement as a proper notice of appeal. Munden acknowledges that this alternative does not save the defendants' cross appeal.

This court has stated that "documents which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served on the other parties to the litigation, and are filed in court within the time period otherwise provided by Rule 4(a)(4)." *Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir.1978). *See also San Diego Comm. Against Registration and the Draft (CARD) v. Governing Bd.*, 790 F.2d 1471, 1474 (9th Cir.1986); *Cel–A–Pak v. California Agricultural Labor Relations Bd.*, 680 F.2d 664, 667 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). In addition, Federal Rule of Appellate Procedure 3(c) provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal."

However, when employing this more lenient standard, we have generally been faced with an appellant not represented by counsel, *Cel–A–Pak*, 680 F.2d at 667, a

situation where life or liberty is at stake, *id.*, or "when the interests of substantive justice require it [ ] to disregard irregularities in the form or procedure for filing a notice of appeal." *Rabin,* 570 F.2d at 866 (quoting *Cobb v. Lewis,* 488 F.2d 41, 44 (5th Cir.1974)). We will not extend any leniency that is not demanded by these cases to one where the party is represented by an attorney. Moreover, "[a] liberal construction of Rule (3)(a) cannot be allowed to nullify the plain provision of rule 4(a)(4) that a premature notice of appeal 'shall have no effect.' " *Van Wyk El Paso Investment, Inc. v. Dollar Rent–A–Car Systems, Inc.,* 719 F.2d 806, 807 (5th Cir.1983).

### CONCLUSION

Because this court lacks jurisdiction, the appellees' motion is granted. The appeal is DISMISSED.