ALCAN ELECTRICAL & ENGINEER-
ING COMPANY, INC., Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 90–344 C.

United States Court of Federal Claims.

Dec. 16, 1992.

See also 24 Cl.Ct. 704.

Kenneth Jensen, Anchorage, AK, for
plaintiff.

Jeri Kaylene Somers, with whom were
Asst. Atty. Gen. Stuart M. Gerson and
David M. Cohen, Washington, DC, for re-
spondent. Major Frederick Kennedy and
Thomas P. Cook, Dept. of the Army, of
counsel.

## OPINION and ORDER

TURNER, Judge.

This case stands on defendant's bill of
costs filed October 23, 1992 pursuant to
RCFC 68. This opinion addresses the prop-
er application of Rule 68. Accordingly, for
purposes of this opinion we construe defen-
dant's bill of costs as a motion.

### I

Trial of this case was conducted from
September 14 through September 17, 1992
in Anchorage, Alaska. At the conclusion
of the plaintiff's evidence, the government
made two motions pursuant to RCFC 52(c)
for judgment in its favor concerning the
major issues (pertaining to "access" and
"conduit routing") on the ground that it

was so entitled as a matter of law. The motions were granted based on findings of fact and conclusions of law announced in open court on September 17. The defendant rested without presenting evidence.

On the remaining liability issue (pertaining to "dimensional error"), the defendant conceded liability and the parties concurred on both the principal amount of damages and the commencement date for computation of interest. Based on this stipulation, an order dated September 22, 1992 directed entry of judgment for plaintiff in the amount of $4,923, plus interest thereon from October. 23, 1989, and provided that each party should bear its own costs. Judgment was entered on September 23, 1992.

On October 23, 1992, defendant filed a bill of costs pursuant to Rule 68. Defendant alleges that it made an Offer of Judgment to plaintiff on July 31, 1991, in the amount of $150,000, inclusive of interest pursuant to the Contract Disputes Act, 41 U.S.C. § 611, in full settlement of the case, with each party to bear its own costs, attorney fees and expenses. Further, defendant alleges that plaintiff failed to respond within the time period provided by the rules, and, subsequently, plaintiff's counsel affirmatively indicated, by letter dated August 23, 1991, that Alcan's failure to respond constituted a rejection of that offer. Defendant argues that because the judgment obtained by plaintiff, $4,923 plus interest, is less than the amount offered in defendant's Offer of Judgment, Alcan must pay the costs defendant incurred after making the offer. Defendant seeks $166,167.07 in costs. This amount includes taxable costs, attorney fees and other expenses.

## II

Rule 68 provides in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof, and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.* The fact that an offer is made but not accepted does not preclude a subsequent offer. (Emphasis added).

Plaintiff does not dispute that defendant made an offer of judgment, that the offer was rejected and that plaintiff did not receive judgment in excess of the offered amount. Instead, the dispute centers around the following three issues. First, plaintiff contends that Rule 68 has no application to a judgment entered upon a stipulation. Second, plaintiff contends that the bill of costs must be treated as a motion to amend judgment under RCFC 59(d), and, as such, the motion is untimely. Finally, plaintiff contends that defendant seeks costs beyond those that are allowable under the relevant rules and statutes. We address these arguments seriatim.

### A

■ Plaintiff contends that Rule 68 does not apply to a judgment entered upon a stipulation. The plaintiff, citing a district court decision,[1] argues that the fundamen-

---

**1.** Plaintiff relies primarily on *Equal Employment Opportunity Commission v. Hamilton Standard Division, United Technologies Corp.,* 637 F.Supp. 1155, 1158 (D.Conn.1986) ("The court has found no authority for the proposition that the offer of judgment provisions of Rule 68, Fed.R.Civ.P., apply to cases that end in settlement and a stipulated dismissal as well as to

cases that end with the entry of judgment after trial."). *See also Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.,* 754 F.Supp. 459, 462 (D.V.I.1991) ("Although the literal text of Rule 68 does not require that the final judgment obtained by the plaintiff be pursuant to a trial, it appears that Rule 68 was intended to address only such a scenario."); *Hutchison v. Wells,* 719

tal purpose of the rule—that of encouraging settlement—would be defeated if Rule 68 were applicable in any case in which the parties stipulated to the amount of the judgment. For the following reasons, we conclude that Rule 68 applies even though the judgment for plaintiff was entered pursuant to a stipulation.

First, the language of Rule 68 refers to a "judgment finally obtained by the offeree." The rule does not distinguish between judgments obtained pursuant to stipulation versus resolution on the merits. In another context, the Supreme Court interpreted the clause "judgment finally obtained by the offeree" quite literally. *See Delta Air Lines Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) (holding that Federal Rule 68, by its terms, does not apply if the judgment is entered in favor of the offeror). Accordingly, because there was in fact a judgment entered in favor of the offeree, we conclude that the plain language of the rule requires its application in this case.

Second, we conclude that the purpose of the rule would not be advanced by adopting the position urged by plaintiff. "Rule 68 is intended to encourage settlements and avoid protracted litigation." 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3001 (1973). In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981), the Supreme Court declared:

> In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability

that the plaintiff will obtain a judgment but the amount of recovery is uncertain. *See Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985) ("The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."); *see also* Fed.R.Civ.Proc. 68 advisory committee's note ("These provisions should serve to encourage settlements and avoid protracted litigation.")

These authorities suggest that the purpose of Rule 68 is to encourage settlement before trial. The purpose of encouraging settlement seems substantially less important after the parties have borne the expense of going to trial and the fact-finder has heard the evidence. Moreover, one can argue just as easily that the position urged by plaintiff in fact would have deterred settlement in this case.[2] Accordingly, the rule's language and underlying policies support its application in this case.

**B**

■ Alternatively, plaintiff contends that the bill of costs was not filed in the time prescribed by the rules. Plaintiff asserts that the bill of costs must be construed as a Rule 59(d) motion. Because the motion was not filed within ten days of the entry of judgment, if it is construed as a Rule 59(d) motion, it is untimely.

Rule 59(d) provides that a "motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." Judgment was entered on September 23, 1992, and defendant's bill of

---

F.Supp. 1435, 1442 (S.D.Ind.1989) ("The rule apparently contemplates situations where offers of judgment are spurned and the case subsequently goes to trial, not cases where a successive offer is accepted.").

We are aware of no binding authority adopting this reasoning. In any event, these cases were decided in significantly different factual contexts. Each of these cases ended in settlement before trial. Further, it appears that at least in *Hamilton* and *Hutchison*, the cases ended with stipulated dismissals rather than judgments.

**2.** Defendant was presented with a situation in which any judgment entered by this court in favor of plaintiff, after resolution of the issue on the merits, would have been in an amount far below the offer of judgment. Had defendant believed that a settlement would have precluded the application of Rule 68, defendant would have had the incentive to forgo settlement in favor of allowing the court to resolve the remaining issue.

costs was filed on October 23, 1992.[3] The judgment expressly stated that "[e]ach party shall bear its own costs."

Plaintiff contends that because the court has already made a decision regarding costs, defendant's motion must be considered an attempt to seek reconsideration of the judgment.[4] We disagree.

◼ It is indisputable that the reference to costs in the September 23, 1992 judgment addressed the issue only with respect to costs under Rule 54(d). The ruling was intended to reverse the presumption in favor of the prevailing party. Prior to the filing of the bill of costs, there was no indication in the record that defendant had made an offer of judgment pursuant to Rule 68. Moreover, unlike the assessment of costs under Rule 54(d), the assessment of costs under Rule 68 is mandatory when the requirements of the rule are satisfied. Given these facts, it is clear that the reference to costs in the judgment could not conceivably have been interpreted as a resolution of the Rule 68 issue. Accordingly, defendant's bill of costs raised an issue that was entirely collateral to the underlying judgment. Because " 'the federal courts generally have invoked Rule 59(e)[5] only to support reconsideration of matters *properly encompassed in a decision on the merits,*' " *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289 (1988) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)) (emphasis added), we conclude defendant's bill of costs is timely.

### C

◼ Finally, plaintiff contends that if the court determines that the bill of costs is

timely and that Rule 68 is applicable, then the court should reduce the amount requested by defendant because it includes amounts not properly categorized as "costs."

In general, plaintiff contends that defendant is only entitled to recover taxable costs. Taxable costs are set forth in 28 U.S.C. § 1920. Plaintiff asserts that only $15,851.07 of the amount requested is associated with items that are properly considered taxable costs. Plaintiff disputes entitlement to each of the other items requested by defendant—including attorney fees, travel expenses for two attorneys and a paralegal, expert witness fees, costs incurred in taking and defending depositions, and costs associated with witness travel, per diem, and lodging.

Hence, the issue is whether the term "costs" as used in Rule 68 includes each of the items requested by defendant or is limited to taxable costs. The Supreme Court has noted that the drafters of Federal Rule 68 did not define the term "costs" and that there is no explanation of the intended meaning of the term in the history of the rule. *See Marek v. Chesny*, 473 U.S. 1, 8–9, 105 S.Ct. 3012, 3016–3017, 87 L.Ed.2d 1 (1985). In doing so the Court rejected the argument that the drafters of the rules intended the term "costs" to have a uniform definition derived from 28 U.S.C. § 1920. In *Marek*, the Supreme Court considered the meaning of the term in the context of a suit brought under 42 U.S.C. § 1983:

> [T]he term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congres-

---

**3.** RCFC 77.4(a) provides: "A prevailing party may request the clerk to tax allowable costs by filing a Bill of Costs as set forth in Appendix I within 30 days after the date of the entry of judgment." Accordingly, defendant's bill of costs would be timely unless it is properly construed as a motion under RCFC 59(d).

**4.** Plaintiff contends that *Munden v. Ultra–Alaska Associates,* 849 F.2d 383 (9th Cir.1988), supports

its position. *Munden,* however, is not binding on this court, and, in any event, that case is inapposite because the underlying judgment reflected a decision on the Rule 68 issue. *See Munden,* 849 F.2d at 385.

**5.** RCFC 59(d) is identical in all relevant aspects to Rule 59(e) of the Federal Rules of Civil Procedure.

sional expressions to the contrary, *where the underlying statute defines "costs" to include attorney's fees,* we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Marek,* 473 U.S. at 9, 105 S.Ct. at 3016 (emphasis added). Because 42 U.S.C. § 1988 provides that a prevailing party in a § 1983 action may be awarded attorney fees "as part of the costs," the Court held that the "costs" under Rule 68 included attorney fees. *Id.*

Given this interpretation of Federal Rule 68, we must turn to the "costs" defendant would have been eligible to receive had it been the prevailing party. Thus, we must determine (1) whether any relevant fee-shifting statute would permit defendant to recover the items sought had it been the prevailing party and (2) whether any such statute defined the term "costs" as including the items sought by defendant.

■ If defendant had been the "prevailing party," it would have been entitled to taxable costs under 28 U.S.C. § 1920 and RCFC 54(d). No other statute is identified by defendant, however, as authorizing the award of attorney fees and other expenses as "costs." [6] Thus, we conclude that defendant is entitled to taxable costs as specified in 28 U.S.C. § 1920 and Appendix I of the rules, and we refer the bill of costs to the Clerk of Court to assess the quantum.

### III

Based on the foregoing, defendant's motion for costs pursuant to RCFC 68 is GRANTED to the extent of taxable costs under 28 U.S.C. § 1920 incurred by defendant after July 31, 1991, and is DENIED in all other respects. The Clerk shall assess costs accordingly.

**6.** Although the Equal Access to Justice Act, 28 U.S.C. § 2412(b), recognizes that the government is entitled to attorney fees to the extent permitted under common law theories, *see, e.g.,* *St. Paul Fire & Marine Ins. Co. v. United States,* 4 Cl.Ct. 762, 766 (1984), the Act does not treat attorney fees and other expenses as part of the costs.