990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse D. WALLIN, Sr., Petitioner-Appellant,
v.
INDETERMINATE SENTENCE REVIEW BOARD; and the Department of
Corrections for the State of Washington,
Respondents-Appellees,
 No. 91-35167.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1993.
Decided March 23, 1993.
 
 1
 Before CANBY and REINHARDT, Circuit Judges, and TASHIMA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Wallin appeals the judgment denying his petition for a writ of habeas corpus and the denial of his "motion to reconsider" that judgment. We affirm.
 
 I. The Judgment
 
 4
 Wallin did not timely appeal the district court judgment. Wallin filed his notice of appeal 79 days after the judgment was handed down by the district court. A notice of appeal must be filed within 30 days of the entry of judgment, although this period may be extended upon meritorious motion filed not later than 30 days after the expiration of the original 30 day time period. Fed.R.App.P. 4(a)(5). Wallin did not move for an extension of time in which to notice an appeal. Even if he had filed such a motion, the maximum permissible time in which to file a notice of appeal is 70 days, and would not have encompassed the 79 day delay in this case. See id. (permitting a 10 day extension as late as thirty days after the expiration of the original 30 day period). A timely notice of appeal is mandatory and jurisdictional. Munden v. Ultra-Alaska Associates, 849 F.2d 383, 386 (9th Cir.1988). Consequently, we are barred from reviewing the judgment denying habeas relief.
 
 
 5
 Although the deadline for filing a notice of appeal is tolled by the filing of a timely Rule 59(e) motion, Wallin's "Motion for Reconsideration" does not constitute a timely motion under that rule. The motion was filed 16 working days (23 total days) after the judgment was rendered. Rule 59(e) motions must be filed within 10 working days of the entry of the judgment. Fed.R.Civ.P. 59(b).
 
 
 6
 The appeal from the judgment is DISMISSED for lack of jurisdiction.
 
 
 7
 II. The Denial of the "Motion for Reconsideration."
 
 
 8
 This court has jurisdiction to review the denial of Wallin's "Motion for Reconsideration" if the motion is construed as one brought under Fed.R.Civ.P. 60(b). Rule 60(b) allows the court to relieve a party from a final judgment if the moving party discovers new evidence which could not have been discovered in time to move for a new trial under 59(e). A rule 60(b) motion may be filed up to one year after a judgment. See Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir.1989).
 
 
 9
 The new evidence introduced by Wallin to support his Rule 60(b) motion consists of two affidavits. Neither affidavit contains "new evidence" of the type cognizable in a 60(b) motion. Both affidavits were dated prior to the final judgment. Since the affidavits could have been submitted in a timely Rule 59(e) motion, they cannot be considered under a 60(b) motion. See Adams v. Johns-Manville Corp., 876 F.2d 702, 706 n. 2 (9th Cir.1989).[1]
 
 
 10
 The district court did not abuse its discretion in denying the "Motion for Reconsideration." We AFFIRM the denial of the motion.
 
 
 
 *
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even had the new affidavits been submitted in time, our review of the record persuades us that they would not have provided a basis for the award of habeas relief