In re W. David WESTON, Debtor.

Richard N. BIGELOW, Appellant,

v.

Herbert STOLTENBERG, et al., Appellees.

No. 93–16044.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 1994 *.

Decided Nov. 29, 1994.

---

\* The panel unanimously granted the joint motion to submit this appeal on the briefs. Fed.R.App.P. 34(f) and Ninth Circuit Rule 34–4.

Richard N. Bigelow, in pro per, for appellant.

Eric C. Olson, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, UT, for appellees.

Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

Attorney Richard N. Bigelow appealed pro se to the district court an order of the bankruptcy court imposing sanctions on Bigelow and his clients Harold Masunaga and Yukio Ayabe based on their failure to appear at a scheduled deposition. The district court dismissed Bigelow's appeal as untimely. Bigelow appeals, contending a motion for rehearing filed by Masunaga and Ayabe in the bankruptcy court tolled the time limitation for filing a notice of appeal. We agree, and reverse.

## FACTS AND PRIOR PROCEEDINGS

This appeal arises from an adversary proceeding commenced in a Utah bankruptcy court. As part of the adversary action in that case, appellees Stoltenberg et al. noticed the deposition of non-parties Masunaga and Ayabe. At appellees' request, subpoenas duces tecum were issued by the Hawaii bankruptcy court and served on Masunaga and Ayabe requiring them to appear with certain documents for oral deposition on February 10, 1992 in Honolulu, Hawaii. On February 10, Bigelow, acting as attorney to Masunaga and Ayabe, filed a motion with the Hawaii bankruptcy court to terminate discovery, and on Bigelow's advice, Masunaga and Ayabe did not appear for the deposition. At a February 11 hearing, the Hawaii bankruptcy court denied the motion to terminate discovery, issued an order to compel, and ordered Bigelow, Masunaga, and Ayabe, jointly and severally, to pay sanctions totaling $2,108.65. The court's order, captioned Order Regarding Discovery Motions, was entered April 29, 1992.

On April 8, 1992, Bigelow, on behalf of Masunaga and Ayabe, filed in the Hawaii bankruptcy court a motion for rehearing on the court's February 11 decision, but for some unknown reason, he chose not to file the same motion on his own behalf. The bankruptcy court, treating the motion as a motion for reconsideration, denied the motion on July 15, 1992. The order was entered July 16, 1992. On July 24, 1992, Bigelow, appearing pro se, filed a notice of "appeal from the final Order Regarding Discovery Motions" on his own behalf, but not on the behalf of his clients. The district court dismissed Bigelow's appeal on the ground that the notice was not filed within 10 days of the Order Regarding Discovery Motions' entry on April 29, 1992. Bigelow timely appealed. We have jurisdiction under 28 U.S.C. § 158(d).

## STANDARD OF REVIEW

■ The timeliness of a notice of appeal from the bankruptcy court to the district court is a question of law we review de novo. *In re Delaney,* 29 F.3d 516, 517 (9th Cir. 1994).

## DISCUSSION

■ The district court found Bigelow's notice of appeal untimely because it was filed more than 10 days after the bankruptcy court entered the original order imposing sanctions. *See* Bank.R. 8002(a). Bigelow contends the motion for rehearing filed by Masunaga and Ayabe tolled the time for Bigelow's appeal, and therefore his notice of appeal, filed within 10 days of the final order disposing of the rehearing motion, was timely. Both case law and the Bankruptcy Rules support Bigelow's argument.

■ Bankruptcy Rule 8002(a) requires a notice of appeal to be filed within 10 days of the date of the entry of the bankruptcy court's order. However, Bankruptcy Rule 8002(b) states:

> EFFECT OF MOTION ON TIME FOR APPEAL. If a timely motion is filed by *any* party: ... (2) under Rule 9023 to alter or amend the judgment; or (3) under rule 9023 for a new trial, the time for appeal for *all* parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

*Id.* (emphasis added). In this circuit, a motion for reconsideration is considered to be a Bankruptcy Rule 9023 motion and tolls the time limitation for filing a notice of appeal. *In re Branding Iron Steak House,* 536 F.2d 299, 301 (9th Cir.1976); *In re Charley's Tour and Transp., Inc.,* 133 B.R. 237, 239 (D.Haw. 1991). Although the motion filed by Masunaga and Ayabe was styled as a motion for rehearing, the bankruptcy court explicitly deemed it to be a motion for reconsideration. In any event, the reasons why a motion for reconsideration falls under Rule 9023 apply equally to a motion for rehearing. *In re Mike,* 796 F.2d 382, 383 (11th Cir.1986) (a timely motion for rehearing tolls the time for an appeal under Rule 9023).

■ The district court failed to recognize that a Bankruptcy Rule 9023 motion filed by *any* party subject to an order explicitly tolls the time limitation for filing a notice of appeal for *all* parties, and the time for appeal for *all* parties runs from the entry of the order denying the motion. Bank.R. 8002(b). A different rule "would be a waste of judicial resources," requiring a party to file an appeal when "the granting of a pending motion to reconsider might eliminate the need for an appeal." *In re Branding Iron Steak House,* 536 F.2d at 301.

Bigelow, Masunaga and Ayabe were sanctioned jointly and severally by the Hawaii bankruptcy court's order of February 11, 1992. As the district court correctly noted, "[b]y virtue of the form of the order on sanctions, Bigelow had become, in fact, 'a party' in any action relating to the sanctions." Masunaga and Ayabe timely filed a motion for rehearing. Under Bankruptcy Rule 8002(b), the motion for rehearing tolled the time for appeal for *all* parties. The 10 day window for filing an appeal began to run on July 16, 1992, the date the order was entered denying the motion for rehearing. Bigelow filed his notice of appeal on July 24, 1992, within the ten day period. One wonders why he went back and forth on his parties, but nevertheless his appeal was timely and must be considered by the district court.

## CONCLUSION

The district court order dismissing Bigelow's appeal is **REVERSED.**