56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Steven G. STROWSKI; Margaret H. Strowski, dba Strowski
Engineering, Debtors
Steven G. STROWSKI, Plaintiff-Appellant,
v.
CITY OF DOWNEY and Downey Police Department, Defendants-Appellees.
 No. 94-56198.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven G. Strowski appeals pro se the district court's order affirming an order of the bankruptcy court concerning the towing of Strowski's vehicle. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and vacate and remand.
 
 
 3
 We review a district court's decision on an appeal from a bankruptcy court de novo. Siragusa v. Siragusa (In re Siragusa), 27 F.3d 406, 407 (9th Cir. 1994).
 
 
 4
 Strowski brought an action in the bankruptcy court, alleging that defendants violated the automatic stay provisions of 11 U.S.C. Sec. 362 by towing his vehicle. On November 13, 1990, the bankruptcy court entered an order in favor of defendants. On December 6, 1993, Strowski filed a motion for reconsideration of the 1990 order, seeking to set aside the order because it was ambiguous. On February 2, 1994, the bankruptcy court denied Strowski's motion for reconsideration as untimely. On April 5, 1994, Strowski filed a notice of appeal with the district court. The district court denied Strowski's appeal and affirmed the bankruptcy court's decision. Strowski timely appeals.
 
 
 5
 Strowski contends that the bankruptcy court erred in its underlying judgment by finding that defendants' conduct was exempt from 11 U.S.C. Sec. 362 and by denying Strowski's motion to find defendant City of Downey in contempt of court. In addition, Strowski contends that the bankruptcy court erred by denying his motion for reconsideration of the bankruptcy court's 1990 order. These contentions lack merit.
 
 
 6
 Under Bankruptcy Rule 8002(a), a notice of appeal from a decision of the bankruptcy court must be filed within ten days of the date of the entry of the judgment, order or decree appealed from. Fed. R. Bankr. P. 8002(a). A motion for reconsideration is considered to be a Bankruptcy Rule 9023 motion and tolls the time limitation for filing a notice of appeal. Bigelow v. Stoltenberg (In re Weston), 41 F.3d 493, 495 (9th Cir. 1994). A motion to alter or amend a judgment should be served "not later than 10 days after entry of the judgment." Fed. R. Bankr. P. 9023. The time limits established for filing a notice of appeal are mandatory and jurisdictional. Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir. 1988).
 
 
 7
 Here, Strowski filed his motion for reconsideration unsupported by any evidence three years after the bankruptcy court entered its order dismissing his action. The bankruptcy court properly denied Strowski's motion for reconsideration as untimely. See Fed. R. Bankr. P. 9023. As a result, Strowski's time limit for filing a notice of appeal from the underlying judgment with the district court was not tolled. See Bigelow, 41 F.3d at 495; Munden, 849 F.2d at 386.
 
 
 8
 In addition, Strowski filed a notice of appeal with the district court more than ten days after the bankruptcy court denied his motion for reconsideration. Therefore, Strowski's notice of appeal was also untimely filed with respect to the bankruptcy court's order denying Strowski's motion for reconsideration. See Fed. R. Bankr. P. 8002(a).
 
 
 9
 Because the district court lacked jurisdiction over the appeal, it properly dismissed Strowski's appeal but improperly affirmed the bankruptcy court's decision. See Munden, 849 F.2d at 386. Accordingly, we vacate the district court's order and remand with directions for the district court to dismiss Strowski's appeal for lack of jurisdiction.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3