NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL ARROYO, Jr., <br><br>            Plaintiff-Appellant, <br><br>  v. <br><br> KAZMO, LLC, a California limited liability company; et al., <br><br>            Defendants-Appellees. | No.   20-55392 <br><br> D.C. No. <br> 2:19-cv-02720-PA-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 10, 2021**
Pasadena, California

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Plaintiff-Appellant Rafael Arroyo, Jr. ("Arroyo") appeals the district court's

entry of judgment in favor of Defendants-Appellees Kazmo, LLC, and Staffing and

Management Company, Inc. ("Kazmo"). We have jurisdiction under 28 U.S.C. §

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1291, and we reverse.

Arroyo timely accepted an Offer of Judgment made by Kazmo on March 4, 2020, under Federal Rule of Civil Procedure 68 (the "Offer"). Arroyo argues that the district court erred in refusing to allow the clerk to enter the accepted Offer or to modify its March 5, 2020, entry of judgment dismissing the claim without prejudice for the parties' failure to prosecute. Fed. R. Civ. P. 41(b). Reviewing the district court's decision for abuse of discretion, *see Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir. 2001), and its legal interpretation of Rule 68 de novo, *Simon v. Intercont'l Transp. (ICT) B.V.*, 882 F.2d 1435, 1438–39 (9th Cir. 1989), we agree with Arroyo.

Rule 68 permits a party defending against a claim to submit an offer to the opposing party to allow entry of "judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). Once accepted, either party may file the offer, notice of acceptance, and proof of service. *Id.* Then, the clerk *must* enter judgment. *Id.* On its face, Rule 68 is non-discretionary as to what must happen if the opposing party elects to accept an offer of judgment from a party defending against a claim. *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 442 (9th Cir. 1982). With respect to costs, we have held that Rule 68 is mandatory and removes the district court's normal discretion under Rule 54(d). *Id.* A strict reading of Rule 68 comports with its purposes: "to encourage settlement and avoid litigation."

2

*Marek v. Chesny*, 473 U.S. 1, 5 (1985) (internal citation omitted). We have said that "where the rule operates, it leaves no room for district court discretion." *Liberty Mutual*, 691 F.2d at 442 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355–56 (1981) (construing the plain language of Rule 68)).[1]

Here, the district court was not stripped of its jurisdiction to vacate its Rule 41 dismissal without prejudice to permit the clerk to enter judgment based on the Offer made by Kazmo and accepted by Arroyo. The district court's March 5 Judgment did not preclude the operation of Rule 68. Rather, Arroyo had a 14-day statutory window to accept the Offer, notwithstanding the district court's unawareness of the then-pending Offer. Fed. R. Civ. P. 68(a). Additionally, Kazmo was still "defending against a claim" at the time it transmitted the Offer on March 4. *Id.* The plain language of the rule—including its use of the mandatory modal verb "must"—required the clerk of court to enter judgment as agreed to by Arroyo and Kazmo. *Id.*; *see Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221

---

[1] Other circuits have similarly addressed the issue in this case. *See, e.g.*, *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 371 (5th Cir. 2004); *Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 339–40 (8th Cir. 1998); *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991). While we have not precisely decided the narrow issue presented when the court is not made aware of the settlement until shortly after it has dismissed the case, we think the result here is dictated by the plain meaning of Rule 68, our related published opinions like *Liberty Mutual* (which have found other components of the rule non-discretionary), and the purposes of Rule 68 as delineated by the Supreme Court.

(9th Cir. 2018) ("When interpreting the scope of a Federal Rule of Civil Procedure, we begin with the text.") (internal citation omitted).  As a matter of statutory construction, the plain meaning of Rule 68, read as a whole, allowed Arroyo to stipulate to a judgment with Kazmo (settling the claims and avoiding further litigation) at least 14 days before the date set for trial.  The parties did just that.  All that remained was execution of the clerk's mandatory duty to enter the judgment agreeable to the parties.  The district court abused its discretion in concluding otherwise.[2]

On the facts presented here, Rule 68 required the entry of a judgment effectuating the settlement.  How Arroyo characterized his post-judgment motion is irrelevant; as we have said, "nomenclature is not controlling" and we look to "the substance of the requested relief" to determine whether relief is appropriate under Rule 59(e). *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988) (internal citation and quotation omitted).

Here, the refusal to allow Arroyo to file his Rule 68 request was error because of the rule's mandatory operation.  Likewise, the refusal to grant Arroyo's subsequent Motion for Entry of Amended Judgment was error because it should

---

[2] Recognizing that district courts have authority to promulgate their own rules under Rule 68(d), relying on the local rule here to preclude the vacatur of the March 5 Judgment was error—insofar as application of the rule was inconsistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 83(a)(2).

have been construed as a Rule 59 motion, the granting of which was necessary to correct a manifest error of law, and because the "amendment reflect[ed] the purely clerical task" of entering the judgment reflecting the accepted offer. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citation omitted). Arroyo's presentation of the settlement also constituted new facts sufficient to justify relief under Rule 59(e). *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (stating a district court may alter or amend a judgment under Rule 59(e) if presented with newly discovered evidence). The district court abused its discretion in treating its March 5 Judgment dismissing the action without prejudice under Rule 41(b) as if it had been dismissed *with* prejudice. On remand, the court shall enter an order vacating its prior judgment of dismissal and directing the clerk of the district court to enter judgment reflecting the settlement under Rule 68.

      **REVERSED and REMANDED with instructions.**